FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2005 NOV 28  AM 7: 58

[signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTONIO EVANS,

        Petitioner

VS.

MONROE COUNTY, GEORGIA,  :  NO. 5:05-cv-404(DF)

        Respondent  :  **ORDER**

Petitioner **ANTONIO EVANS**, a pretrial detainee at the Monroe County Jail in Forsyth, Georgia, has filed a writ of habeas corpus petition on 28 U.S.C. § 2254 forms. Petitioner is awaiting trial on charges of trafficking in cocaine, possession of a firearm during the commission of a crime, possession of marihuana, and bringing stolen property into Georgia. Because it appears that petitioner is not yet "in custody pursuant to the judgment of a State court," his claims arise under 28 U.S.C. § 2241, not section 2254. Section 2241(c); ***Medberry v. Crosby***, 351 F.3d 1049, 1060 (11th Cir. 2003).

Upon review of petitioner's petition, it appeared to the Court that petitioner had failed to exhaust his state court remedies. *See **Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal

system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)).

On November 8, 2005, the Court entered an order instructing petitioner to supplement his petition to provide additional information regarding whether he had exhausted his claims through the state courts. On November 14, 2005, the Court received a letter from petitioner in which he stated he has filed motions for bail and suppression, but petitioner does not appear to have exhausted his available state court remedies. The Court specifically asked petitioner if he had filed a writ of habeas corpus under O.C.G.A. § 9-14-1(a) or petitioned the superior court for a writ of mandamus under O.C.G.A. § 9-6-20. ***Mullinax v. State***, 271 Ga. 112, 515 S.E.2d 839 (1999). There is no indication from petitioner that he has pursued either remedy.[1]

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to refile once he has afforded the state courts an opportunity to review his grounds for relief.

---

[1] In his November 14th letter, petitioner states he received a letter from the Monroe County Superior Court stating that the Clerk of such Court "received my petition in accordance to No. 5:05-cv-404(DF)." The stated number is the number of petitioner's case in this Court, not the Monroe County Superior Court.

**SO ORDERED**, this _23_ day of November, 2005.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

DF/cr